IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SIEMENS INDUSTRY, INC., *Plaintiff*, v. SIPCO, LLC, *Defendant.* | Civil Action No. 1:10-CV-2478 |

**PLAINTIFF SIEMENS INDUSTRY, INC.'S COMBINED
(1) MOTION FOR ENTRY OF SCHEDULING ORDER &
(2) MOTION TO SEVER AND CONSOLIDATE**

**I.   INTRODUCTION**

Plaintiff Siemens Industry, Inc. seeks two forms of relief.  First, Siemens Industry asks that the Court enter the proposed scheduling order and discovery plan that was submitted according to Local Rule 16 on October 5, 2010 (thereby denying SIPCO's mooted motion to dismiss).  (D33-2; D33-3.)  Second, Siemens Industry asks that the Court sever SIPCO, LLC's patent infringement claim against Siemens Industry from the recently-transferred *SIPCO, LLC v. Control4 Corp.* case (No. 1:11-cv-00612-JEC) and consolidate it with Siemens Industry's declaratory judgment claims in this case.

## II.     PROCEDURAL BACKGROUND

Siemens Industry filed its Complaint against Defendant SIPCO, LLC on August 9, 2010, seeking (a) declaratory judgments of noninfringement and invalidity with respect to certain SIPCO patents and (b) asserting breach of contract.  (D1.)  Siemens Industry's Complaint centers primarily on a 2009 SIPCO/Landis+Gyr settlement agreement, in which SIPCO granted a license to Siemens Industry, thereby providing Siemens Industry a complete defense to SIPCO's patent infringement claims.

Rather than answer the Complaint, SIPCO moved to dismiss.  (D19.)  In support of that motion, SIPCO argued that the Court should dismiss Siemens Industry's Complaint because "the Eastern District of Texas is the most appropriate forum for this dispute," where SIPCO previously had sued Siemens Industry and several other defendants for patent infringement.  (D23 at 2.)

Since that time, SIPCO has thwarted all progress in this case, ignoring all required case management activities.  SIPCO refused to participate in an Early Planning Conference or the drafting of a Joint Preliminary Report and Discovery Plan, in violation of Local Rule 16 and Federal Rules of Civil Procedure 26(f) and 37(f).  (*See* D33 (Preliminary Report and Discovery Plan) at 1; D33-1 at 1 (Exhibit A); D45.)  By way of excuse, SIPCO argued that the same issues underlying this

case "are being addressed in [this Texas case, and] . . . no further time and burden on the parties or this Court is necessary." (D32 (Motion to Suspend Litigation Deadlines).) As a result, Siemens Industry filed a Preliminary Report and Discovery Plan (along with the accompanying proposed scheduling order and discovery plan) with SIPCO electing not to provide input. (D33; D33-2; D33-3.)

To date, the Court has not entered that proposed scheduling order or discovery plan. The case thus remains stagnant, leaving Siemens Industry with no mechanism to resolve the threshold license issues before turning to what, if any, discovery is needed on the patent claims that may be completely barred.

The Eastern District of Texas has now rendered moot the arguments in support of SIPCO's Motion to Dismiss and Motion to Suspend Deadlines. On February 8, 2011, the Texas court granted Siemens Industry's Motion to Transfer the co-pending case to this Court—specifically to Chief Judge Carnes. *SIPCO LLC v. Control4 Corp., et al.*, No. 6:10-cv-249-LED-JDL, Dkt. No. 133 (E.D. Tex. Feb. 8, 2011) (*see also* D64 (Notice of Order in Related Case)). Ordering transfer, the Texas court found that litigating in "the Northern District of Georgia is clearly more convenient" and that both "SIPCO and [Siemens Industry] have strong connections in the Northern District of Georgia and very little connection to the Eastern District of Texas." The Texas court also recognized that:

> [Siemens Industry] has made, and will make, the SIPCO and Landis+Gyr settlement agreement a part of this litigation, regardless of whether the case remains in Texas or is transferred to Georgia. As such, the Northern District of Georgia, and specifically Chief Judge Carnes, is familiar with Georgia contract law, the contractual history of the settlement agreement and the suit that precipitated the settlement.

*Id.* Based on this rationale, on February 28, 2011, the Texas case transferred this matter to this Court, where it has been entered as *SIPCO, LLC v. Control4 Corp.*, No. 1:11-cv-00612-JEC ("the Transferred Action").

### III. ARGUMENT

Because the arguments SIPCO raised in its Motion to Dismiss and Motion to Suspend Deadlines are now irrelevant, this case must move forward to the merits of Siemens Industry's Complaint. To that end, Siemens Industry requests the Court deny SIPCO's Motion to Dismiss and enter the proposed scheduling order and discovery plan. (D33-2; D32-3.)

Siemens Industry further requests that the Court sever SIPCO's infringement claim against Siemens Industry in the Transferred Action and consolidate it with this action. Siemens Industry's declaratory judgment complaint in this case is the only action in which Siemens Industry has a breach of contract claim, and it is the first action filed in this District and the first action in which Siemens Industry raised the license defense to SIPCO's infringement claims. It is thus procedurally

first and substantively broader, conditions which favor Siemens Industry being able to proceed in its declaratory judgment case. Although also now pending in this Court, the Transferred Action involves numerous defendants, only one of which—Siemens Industry—benefits from the license defense that should be resolved as a threshold issue. The other three defendants are similarly situated and have no basis to oppose the severance of Siemens Industry.

The Transferred Action is the second-filed case to address Siemens Industry's license defense and does not involve Siemens Industry's breach of contract claim. The Transferred Action is narrower and procedurally second on the contract issues, meaning it should not proceed.

Proceeding with Siemens Industry's license defense in this declaratory judgment action serves judicial economy—it requires no fact discovery, presents a pure question of law, and will dispose of SIPCO's infringement claims entirely. Siemens Industry alleges that the plain language of the SIPCO-Landis+Gyr settlement agreement (with which this Court is already familiar) provides it a complete defense to SIPCO's infringement claims. Forcing Siemens Industry to litigate the patent infringement claims with the other defendants in the Transferred Action would ignore judicial economy. Patent discovery is inherently complex

and expensive, and may be rendered entirely useless if the Court accepts Siemens Industry's view on the SIPCO/Landis+Gyr agreement.

Therefore, as outlined in the Preliminary Report and Discovery Plan (D33), this case should be bifurcated into two phases. The Court should stay proceedings with respect to all other issues, pending the resolution of Siemens Industry's breach of contract claim and its license and release defenses. This approach is consistent with the Court's stay of all patent infringement and invalidity issues pending resolution of the parties' contractual disputes in *IP Co., LLC v. Cellnet Technology, Inc.*, No. 1:06-CV-3048-JEC, at D145 (N.D. Ga. July 9, 2007) ("[T]he Court is staying/administratively terminating plaintiff's patent infringement claims, pending litigation of the contractual disputes between plaintiff and [defendants] . . . .") (D33-4).

The proposed scheduling order (D33-2) asks that the Court accept dispositive motions on Siemens Industry's license and release defenses within thirty (30) days of denying SIPCO's Motion to Dismiss and SIPCO filing its answer. After ruling on those dispositive motions, should the Court conclude any issues remain for adjudication, fact discovery would commence with respect to traditional patent infringement issues, and the case would proceed according to the attached scheduling order. (D33-2.) Because SIPCO refused to participate in the

Early Planning Conference and the creation of the scheduling order or discovery plan, it can hardly now complain about the proposed schedule or the implications thereof.

Respectfully submitted this 11th day of April, 2011.

FISH & RICHARDSON P.C.

/s/Noah C. Graubart
Nagendra Setty
Georgia Bar No. 636205
Thad C. Kodish
Georgia Bar No. 427603
Noah C. Graubart
Georgia Bar No. 141862
Aamir A. Kazi
Georgia Bar No. 104235

FISH & RICHARDSON, P.C.
1180 Peachtree Street, N.E., 21st Floor
Atlanta, GA 30309
Ph:  404-892-5005
Fax:  404-892-5002
setty@fr.com
tkodish@fr.com
graubart@fr.com
kazi@fr.com

**ATTORNEYS FOR PLAINTIFF SIEMENS INDUSTRY, INC.**

## CERTIFICATE OF COMPLIANCE

In accordance with Local Rule 7.1D, the undersigned counsel hereby certifies that the foregoing brief was prepared using 14-point Times New Roman font in accordance with L.R. 5.1.

                                        */s/Noah C. Graubart*
                                        Noah C. Graubart

## CERTIFICATE OF SERVICE

This is to certify that on this 11th day of April, 2011, I have served upon all counsel of record a true and correct copy of the foregoing "PLAINTIFF SIEMENS INDUSTRY, INC.'S COMBINED (1) MOTION FOR ENTRY OF SCHEDULING ORDER & (2) MOTION TO SEVER AND CONSOLIDATE" via the ECF filing system.

                                        */s/Noah C. Graubart*
                                        Noah C. Graubart