IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SIEMENS INDUSTRY, INC.,

    Plaintiff,

v.

SIPCO, LLC,

    Defendant.

CIVIL ACTION NO.
1:10-cv-2478-JEC

## O R D E R  &  O P I N I O N

This case is before the Court on defendant's Motion for Reconsideration [148] and related Motion for Oral Argument [153], several Motions to Seal [147], [149], [151], and plaintiff's Motion for Leave to File a Surreply [154]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant's Motions for Reconsideration [148] and for Oral Argument [153] should be **DENIED**, plaintiff's Motion for Leave to File a Surreply [154] should be **GRANTED**, and the Motions to Seal [147], [149] and [151] should be **GRANTED.**

### BACKGROUND

This case arises from a contract and patent dispute. (Am. Compl. [4] at ¶ 1.) In May, 2010, defendant filed a complaint in the Eastern District of Texas alleging that plaintiff had infringed

patents covering certain wireless network technology. (*Id.* at ¶¶ 54-55.) The patents were the subject of a prior settlement agreement (the "Agreement") between defendant and third party Landis+Gyr, Inc. ("L&G"). (*Id.* at ¶¶ 19-20.) Pursuant to the Agreement, defendant licensed the patents to L&G and L&G's corporate affiliates, identified collectively in the Agreement as "the L&G Parties." (*Id.* at ¶ 25.) In conjunction with the license, defendant released the L&G Parties from "any and all . . . claims or demands alleging past or present infringement" of the patents. (L&G Settlement Agreement [3] at § 5.1.)

Plaintiff filed this action in response to the Texas litigation, based on its alleged status as an L&G Party. (Am. Compl. [4] at ¶¶ 30-52.) In the complaint, plaintiff claimed that it was not liable for patent infringement under the terms of the Agreement and that defendant had breached the Agreement by pursuing the patent litigation in Texas. (*Id.* at ¶¶ 70-80.) The Texas Court subsequently transferred the patent litigation to this Court and the parties completed the first phase of discovery, which was limited to the contract issue. (Order [72] at 5-6 and Jt. Prelim. Report and Discovery Plan [80].)

Following discovery, the Court granted summary judgment to plaintiff on the claims asserted in Counts I and III of the complaint for a declaratory judgment of non-infringement and breach of

2

contract, and as to the Counterclaims asserted by defendant for infringement. (Order [143].) Specifically, and based on the undisputed evidence in the record, the Court concluded that plaintiff is an L&G Party with well-defined contractual rights under the Agreement that include a license to the patents in suit and a release from any suit to enforce the patents. (L&G Settlement Agreement [3] at §§ 1.1, 5.1 and 7.1.)

Defendant has filed a motion for reconsideration of the Court's summary judgment ruling. (Def.'s Mot. to Reconsider [148].) According to defendant, the Court erred in finding "no textual support in the Agreement conditioning the contractual rights of the L&G Parties on their obtaining authorization from a signatory." (*Id.* at 2.) In addition to the motion to reconsider and several related motions, the parties have filed notices concerning the claims remaining in the case following summary judgment. (Def.'s Notice [145] and Pl.'s Notice [146].)

## DISCUSSION

### I. DEFENDANT'S MOTION TO RECONSIDER

As a preliminary matter, both parties have filed motions to seal the pleadings submitted in connection with defendant's motion to reconsider. (Mots. to Seal [147], [149], [151].) Ordinarily, the Court is reluctant to seal pleadings and other documents because of the presumption in favor of public access. *Romero v. Drummond Co.,*

3

*Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007)("'[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process'")(quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)).  However, in this case there is good cause to grant the motions to seal because the referenced filings include and restate the material provisions of a confidential settlement agreement.  The Court thus **GRANTS** the motions to seal [147], [149] and [151].

In addition to the motions to seal, defendant has filed a motion for oral argument and plaintiff has filed a motion to submit a surreply in connection with the motion for reconsideration.  (Def.'s Mot. for Oral Argument [153] and Pl.'s Mot. to File Surreply [154].)  The issues raised in the motion for reconsideration can be resolved on the written pleadings.  Accordingly, the Court finds that oral argument is unnecessary and **DENIES** defendant's motion [153].  The surreply addresses an argument raised for the first time in defendant's reply and is not prejudicial to defendant.  (*Id*.)  The Court thus **GRANTS** plaintiff's motion [154] and will consider the surreply in ruling on the motion to reconsider.

As to the merits, Local Rule 7.2(E) authorizes a motion for reconsideration when "absolutely necessary."  LR 7.2(E), NDGa.  A motion for reconsideration is not an appropriate mechanism to set

4

forth new theories of law or introduce new evidence, unless the evidence was previously unavailable. *Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010). Likewise, parties cannot use a motion for reconsideration to "relitigate old matters" or "raise argument[s] . . . that could have been raised" earlier. *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). However, reconsideration may be warranted where there is: (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) a need to correct clear error or prevent manifest injustice. *Delaware Valley*, 597 F.3d at 1383.

Defendant concedes that its motion for reconsideration is not based on an intervening change in the law or newly discovered evidence. (Def.'s Mot. to Reconsider [148] at 2.) Instead, defendant's motion is premised on the Court's alleged error in interpreting the Agreement to permit plaintiff to invoke its license and release provisions. (*Id.*) It is undisputed that plaintiff is an "L&G Party" to which the license and release provisions expressly apply. (Order [143] at 8-9.) Nevertheless, and contrary to the plain language of the contract, defendant persists in its argument that the signatories to the Agreement did not intend to grant any rights to L&G Parties such as plaintiff unless those parties first obtained authorization from the "L&G Party Representative." (Defs.'

5

Mot. to Reconsider [143] at 2-3.)

As indicated in the Court's previous order, there is no textual basis in the Agreement for defendant's preauthorization argument. (Order [143] at 13.) In the original briefing, defendant primarily relied on § 10.8 of the Agreement to support the preauthorization argument. (Def.'s Br. in Supp. of Summ. J. [122] at 5 and Resp. Br. [123] at 5, 8-15.) Section 10.8 states:

> <u>No Third Party Rights</u>: Nothing expressed or implied in this Agreement will be construed to give any Person, other than the parties to this Agreement, any legal or equitable right, remedy or claim under or with respect to this Agreement.

(L&G Settlement Agreement [3] at § 10.8.) Rejecting defendant's argument, the Court explained that the above language "does not establish a process for obtaining approval to assert a claim or otherwise incorporate the authorization concept." (Order [143] at 13 n.5.)

In the motion to reconsider, defendant focuses on § 10.2 of the Agreement. That provision designates a specific individual as the "L&G Representative" and grants that individual the power and authority to take certain actions with respect to the Agreement such as giving and receiving notices and accepting service of process. (L&G Settlement Agreement [3] at § 10.2.) Section 10.2 does not, as defendant suggests, establish a preauthorization process for L&G Parties seeking to invoke the protection of the Agreement. (*Id.*) It

does give the L&G Representative the authority to "agree to, negotiate, [and] enter into settlements and compromises of" claims arising under the Agreement. (*Id*.)  However, there is no evidence that the L&G Representative made any attempt to negotiate or settle the claims asserted by plaintiff in this case.

Having reviewed the terms of the Agreement, the Court believes that its initial interpretation was correct.  The parties to the Agreement chose to define L&G Parties broadly to include entities such as plaintiff, and they used clear and unequivocal language to grant every L&G Party a license to and a release from any claims alleging infringement of the patents that are at issue in this case. (Order [143] at 8.)  Had the parties wanted to establish a preauthorization requirement for L&G Parties seeking to invoke the protection of the license and release provisions, they easily could have done so.  They did not.  The Court was unwilling to imply a preauthorization requirement from the language of § 10.8, and is likewise unable to find the basis for such a requirement in the language of § 10.2.

In short, the Court is no more persuaded by the arguments in defendant's motion to reconsider than it was by the arguments in defendant's original briefing.  Based on the plain language of the Agreement, defendant is an L&G Party entitled to the protections of the license and release provisions.  Accordingly, defendant's motion

7

to reconsider [143] is **DENIED**.

## II.  REMAINING CLAIMS

The Court's summary judgment rulings disposed of the claims asserted by plaintiff in Counts I and III of the complaint and the infringement claims asserted by defendant in Counterclaims I, II and III.  (Order [143] at 16.)  Following the order, plaintiff's Count II asserting a claim for a declaratory judgment of invalidity as to the patents in suit and defendant's Counterclaim IV for breach of contract ostensibly remained pending.  (*Id*.)  At the conclusion of the order, the Court thus asked the parties to inform it of their intentions with respect to the remaining claim and counterclaim. (*Id.*)

Pursuant to the Court's request, defendant has filed a notice indicating that it intends to pursue and is ready for trial on the breach of contract claim.  (Def.'s Notice [145].)  Plaintiff has filed a notice indicating that (1) it does not intend to pursue the non-validity claim asserted in Count II of the complaint and (2) it is ready for trial on the issue of damages.  (Pl.'s Notice [146].) In accordance with plaintiff's notice, the Court **DISMISSES** Count II of the complaint.

As to defendant's remaining claim for breach of contract and the issue of damages, the Court believes that mediation might help the parties resolve those issues most efficiently and economically.  The

8

Court thus **DIRECTS** the parties to choose a mediator and advise the Court of the name of the mediator by **June 24, 2013**.  The Court would like mediation to be concluded by **August 30, 2013** and the Court to be advised by **September 3, 2013**, whether it was successful.  In the event that mediation was not successful, the Court will have to schedule a trial on (1) defendant's counterclaim for breach of contract and (2) plaintiff's damages.  Given the long-standing vacancies on this bench and the long backlog of civil cases, that date will not likely be soon.

## **CONCLUSION**

For the foregoing reasons, the Court **DENIES** defendant's Motions for Reconsideration [148] and for Oral Argument [153], **GRANTS** plaintiff's Motion for Leave to File a Surreply [154], and **GRANTS** the Motions to Seal [147], [149], and [151].  To facilitate the resolution of the remaining issues, the Court **DIRECTS** the parties to participate in mediation as explained above.


SO ORDERED, this 23rd day of May, 2013.


/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

9

AO 72A
(Rev.8/82)